JUANA WATTS, Appellant, v. W. M. CRAWFORD, Respondent.

### No. 1365; October 21, 1867.

**Appeal—What Should be Shown by Record.**—On appeal from an order disposing of a motion for a new trial the record should always show, either by a copy of the order or by direct statement, what the ruling was and what the appeal is from.

**Appeal.—An Objection to the Record on the Ground** that it does not show what was the ruling appealed from on the motion below for a new trial will not be considered if not taken in time under the rule.

APPEAL from Fifth Judicial District, Tuolumne County.

Quint & Redmond for appellant; Dorsey & Holsey for respondent.

SAWYER, J.—This is an action to recover a large number of horses claimed as the separate property of the plaintiff. The pleadings are exceedingly loose on both sides, the case was loosely tried, and the whole proceedings, down to and including the transcript, are loose. Plaintiff moved to strike out several paragraphs of the answer as irrelevant and immaterial, but it is impossible to tell from the description what parts are intended. The paragraphs are not numbered, and it is uncertain what the moving party regards as the third, sixth, ninth, etc., paragraphs. There is much irrelevant and immaterial matter which ought to have been struck out. The whole of the answer commencing at folio 13 of the printed transcript, and continuing down to the prayer for a return of the property, is irrelevant and immaterial, and should have been struck out upon a proper motion made for that purpose. There is nothing in it constituting, or that can be made to constitute, a defense. If the horses were the separate property of the wife, the husband had no authority to make the disposition of them stated. If they were not her separate property, she, of course, cannot recover, and the long story told in that part of the answer is immaterial and irrelevant in any view that can be taken. So, also, several of the previous attempted denials of the allegations of the complaint are insufficient to raise an issue, and might have been struck out as irrelevant and immaterial, on a proper motion specifically pointing out each defective denial to which exception is properly taken on that ground: Gay v. Winter, present term. Parties moving to strike out must specify with precision the objectionable matter. We think the evidence clearly shows that a large portion, at least, of the horses was the separate property of the plaintiff. If so, the husband had no authority to turn them out to defendant for the purpose stated in the answer. We think the evidence clearly insufficient to support the finding. Conceding that any of the horses belonged to the husband—and it is at least doubtful whether any of them did—the particular horses belonging to the wife were not, it is true, very clearly

identified. But it is so manifest from the testimony that a large portion of them at least was the separate property of the plaintiff, that we think her entitled to a new trial.

There was a motion for a new trial, but it is not directly shown what the ruling was on the motion, and objection to the record is taken on that ground; but it was not taken in time, under our rule. The record should always show, either by a copy of the order, or direct statement, what the ruling was and what the appeal is from. It only appears inferentially in this record, and had the objection been taken in time, the appeal would have been dismissed unless obviated on suggestion of diminution of a record and leave to supply the defect.

Judgment and order denying a new trial reversed and new trial granted, with leave to both parties to amend their pleadings.

We concur: Sanderson, J.; Rhodes, J.; Currey, C. P.